CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CYNTHIA JOHNSON (CABN 328932)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Cynthia.Johnson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:25-CR-00148 AMO |
| Plaintiff, | MOTION AND [PROPOSED] ORDER FOR LEAVE TO FILE AN AMENDED INFORMATION TO CORRECT CLERICAL ERROR |
| v. | |
| TAMIM GHULAM HAIDAR, | |
| Defendant. | |

On June 4, 2025, the government filed an Information charging defendant TAMIM GHULAM HAIDAR with multiple felonies. The government respectfully requests leave to file an Amended Information to correct the spelling of the defendant's last name in the caption of the Information. The Amended Information is attached.

DATED: June 5, 2025

                                          Respectfully submitted,

                                          CRAIG H. MISSAKIAN
                                          United States Attorney

                                          _____/s/_____
                                          CYNTHIA JOHNSON
                                          Special Assistant United States Attorney

[PROPOSED] ORDER

For good cause shown, the government is granted leave to file an Amended Information to correct a clerical error.

IT IS SO ORDERED.

DATED: June 5, 2025

_____
HON. ROBERT M. ILLMAN
United States Magistrate Judge

# ATTACHMENT: AMENDED INFORMATION

1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10                    OAKLAND DIVISION
11 UNITED STATES OF AMERICA,           )  CASE NO.  4:25-CR-00148 AMO
                                       )
12       Plaintiff,                    )
                                       )
13    v.                               )  VIOLATIONS:
                                       )  18 U.S.C. § 656 - Embezzlement by a Bank Officer or
14 TAMIM GHULAM HAIDAR,                )  Employee
                                       )  18 U.S.C. § 1957 - Engaging in Monetary
15       Defendant.                    )  Transactions in Property Derived from Specified
                                       )  Unlawful Activity
16                                     )  18 U.S.C. § 981(a)(1)(C), § 982(a)(1) and 28 U.S.C. §
                                       )  2461(c) - Forfeiture Allegation
17                                     )
                                       )
18 _____)  OAKLAND VENUE
19
20              A M E N D E D   I N F O R M A T I O N
21 The United States Attorney charges:
22              Introductory Allegations
23    At all times relevant to this Information:
24    1.    From no later than in or about February 2021, and continuing through in or about October
25 2022, in the Northern District of California, the defendant, TAMIM GHULAM HAIDAR, was a Branch
26 Operations Associate Manager for the Wells Fargo Bank, Union City branch, in Union City, California.
27    Wells Fargo Bank ("WFB") is a financial institution, as that term is defined in Title 18 U.S.C. §
28 20 and 31 U.S.C. § 5312(a)(2), the deposits of which are and were insured by the Federal Deposit

AMENDED INFORMATION            1

1 | Insurance Corporation ("FDIC").

2. Beginning at a date unknown, but no later than February 2021, and continuing through in or about October 2022, HAIDAR did knowingly and intentionally embezzle more than $947,000 from the WFB Union City branch's Automated Teller Machines ("ATMs"), by inputting dollar amounts into the bank's system that did not correspond with the actual amount of cash he deposited into the ATMs. HAIDAR would steal the excess cash he did not put into the ATMs.

3. When depositing cash into an ATM, HAIDAR would at times use other bank employees' credentials and hide the screen from other bank employees to conceal the fact he was inputting false and inflated dollar amounts into the ATM machine.

4. Beginning at a date unknown, but no later than February 2021, and continuing through in or about October 2022, HAIDAR deposited most of the criminally derived funds into bank accounts he owned or controlled and used the funds to cover losses he incurred while trading in the foreign currency markets.

COUNT ONE:    (18 U.S.C. § 656 – Embezzlement by a Bank Officer or Employee)

5. Paragraphs 1 through 4 of this Information are realleged and incorporated as if fully set forth here.

6. Beginning no later than on or about February 12, 2021, and continuing through on or about October 4, 2022, in the Northern District of California, the defendant,

TAMIM GHULAM HAIDAR

then being an officer or employee for the Wells Fargo Bank, a financial institution, did knowingly and willfully embezzle $1,000 or more of the monies belonging to or entrusted to Wells Fargo Bank, in violation of Title 18 U.S.C. § 656.

COUNT TWO:   (18 U.S.C. § 1957 - Engaging in Monetary Transactions in Property
                          Derived from Specified Unlawful Activity)

7. Paragraphs 1 through 4 of this Information are realleged and incorporated as if fully set forth here.

8. On or about May, 13, 2021, in the Northern District of California, the defendant,

TAMIM GHULAM HAIDAR

did knowingly engage in a monetary transaction, by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transaction involved criminally derived property of a value greater than $10,000, namely the transfer of $13,000 via ACH transfer from HAIDAR's PatelCo Credit Union account ending in –364_10 to an IG US LLC account, which HAIDAR controlled, such property having been derived from specified unlawful activity, namely embezzlement by a bank officer or employee, in violation of 18 U.S.C. § 656. All in violation of 18 U.S.C. § 1957.

COUNT THREE:   (18 U.S.C. § 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

9. Paragraphs 1 through 4 of this Information are realleged and incorporated as if fully set forth here.

10. On or about January 27, 2022, in the Northern District of California, the defendant,

TAMIM GHULAM HAIDAR

did knowingly engage in a monetary transaction, by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transaction involved criminally derived property of a value greater than $10,000, namely the transfer of $39,500 via ACH transfer from HAIDAR's JP Morgan Chase bank account ending in –5571 to an IG US LLC account, which HAIDAR controlled, such property having been derived from specified unlawful activity, namely embezzlement by a bank officer or employee, in violation of 18 U.S.C. § 656. All in violation of 18 U.S.C. § 1957.

FORFEITURE ALLEGATION:    (18 U.S.C. § 981(a)(1)(C), § 982(a)(1) and 28 U.S.C. § 2461(c))

11. Paragraphs 1 through 10 of this Information, including all subparts, are realleged and incorporated as if fully set forth here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and Title 28, United States Code, Section 2461(c).

12. Upon conviction for any of the offenses set forth in this Information the defendant,

TAMIM GHULAM HAIDAR

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly as the result of those violations, including but not limited to money and property taken by the defendant, and/or a forfeiture money judgment.

13. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: June 5, 2025

CRAIG H. MISSAKIAN  
United States Attorney

/s/  
CYNTHIA JOHNSON  
Special Assistant United States Attorney

AMENDED INFORMATION    4